# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:05-CV-00742-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 1) |

I.     Findings and Recommendations Following Screening of Complaint

    A.     Screening Requirement

Plaintiff Cedric Greene ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 8, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4 and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
5 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6 and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
7 complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8 consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
9 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
10 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
14 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
15 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
16 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19      B.    Summary of Plaintiff's Complaint

20      The events at issue in the instant action allegedly occurred at North Kern State Prison, where
21 plaintiff was incarcerated at the time. Plaintiff names Correctional Counselors M. Tafoya and G.
22 Parez as defendants. Plaintiff is seeking money damages.

23      In his complaint, plaintiff alleges that he was designated as a level four prisoner. Plaintiff
24 alleges that neither his commitment offense nor his history support his placement in a maximum
25 security prison.

26      C.    Plaintiff's Claim

27      Plaintiff's disagreement with his assignment to a maximum security prison does not rise to
28 the level of a constitutional violation. Plaintiff has no federal liberty interest in being housed in a

particular level at the prison. <u>Sandin v. Conner</u>, 515 U.S. 472, 479 (1995). Further, the Eighth Amendment's prohibition against cruel and unusual punishment imposes on the states an obligation to provide for the basic human needs of prison inmates, <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994), but does not require classification of prisoners on particular yards.

      D.    <u>Conclusion</u>

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The deficiencies in the complaint are not capable of being cured by amendment, and therefore leave to amend is not granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). It is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 11, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE